IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY,

   Plaintiff,

      v.

KHAMLAI LODGING, LLC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-2474-TWT

## OPINION AND ORDER

This is a declaratory judgment action. It is before the Court on the Plaintiff's Motion to Certify Order for Immediate Appeal [Doc. 42]. For the reasons set forth below, the Plaintiff's Motion to Certify Order for Immediate Appeal [Doc. 42] is DENIED.

The Plaintiff asks the Court to certify its Opinion and Order denying its Motion for Judgment on the Pleadings [Doc. 39] ("the Order") pursuant to 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Plaintiff argues that the Order rests upon two purely legal issues: contract interpretation and inferred intent. (Pl.'s Br. in Supp. of Pl.'s Mot. to Certify, at 9–10.) The Plaintiff claims that the application of an assault and battery

exclusion to sexual trafficking is an issue of first impression in Georgia and that its position is supported by Georgia and foreign case law, indicating substantial ground for differences of opinion on these issues. (*Id.* at 10–11.) Finally, the Plaintiff argues that an immediate appeal would advance the litigation's ultimate termination, as a successful appeal would result in the Court granting its Motion for Judgment on the Pleadings. (*Id.* at 11–12.) The Claimant Defendants and the Khamlai Defendants respond separately, but both dispute the Plaintiff's characterization of the pending issues as purely legal. Indeed, the Defendants argue that the resolution of disputed facts is required to end this litigation. (*See, e.g.*, Claimant Defs.' Br. in Opp'n to Pl.'s Mot. to Certify, at 10 ("[A]s the Court properly concluded, there is a set of facts under which the allegations made by the Victim Defendants fall outside the policy's assault and battery exclusion. These facts may be proven, or they may not, but at this stage it is too soon to tell.").) In reply, the Plaintiff argues that the Defendants have relied solely on merits-based arguments and not the operative standard, which the Plaintiff has satisfied here. (Pl.'s Reply Br. in Supp. of Pl.'s Mot. to Certify, at 4.)

      The Court agrees with the Defendants' characterization of the dispute as not a purely legal one. Indeed, the Plaintiff argued in its Reply Brief supporting its Motion for Judgment on the Pleadings that "[t]here can be no credible contention that daily and repeated non-consensual sex which resulted in substantial physical harm are not intentional acts to inflict injury or

2

intentional uses of force." (Pl.'s Reply Br. in Supp. of Pl.'s Mot. for Judgment on the Pleadings, at 10.) However, the determination of whether those allegations are credible turns on facts that can be revealed through discovery. In their earlier briefing, the Claimant Defendants acknowledged that certain facts might render these claims subject to the assault and battery exclusion. (Claimant Def.'s Br. in Opp'n to Pl.'s Mot. for Judgment on the Pleadings, at 15–16.) Given the allegations, arguments made by the Parties, and the posture of this case, the Court finds that the issues presented are at least equally law and fact dependent. And as the Eleventh Circuit has noted, "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact . . . ." *McFarlin v. Conseco Svcs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). The Eleventh Circuit has further cautioned district courts against "liberal use of § 1292(b) interlocutory appeals[.]" *Id.* Because the resolution of disputed facts could lead to the ultimate determination of this case, the Court finds that an interlocutory appeal is not proper at this time. For the reasons set forth above, the Plaintiff's Motion to Certify Order for Immediate Appeal [Doc. 42] is DENIED.

    SO ORDERED, this    11th    day of July, 2022.

                                              THOMAS W. THRASH, JR.
                                              United States District Judge